IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM WAYNE BRADLEY,**

    Petitioner,

v.                                                    Civil Action No. **3:12cv318**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

**MEMORANDUM OPINION**

William Wayne Bradley, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Newport News, Virginia ("Circuit Court"), for possession of cocaine with the intent to distribute. In his § 2254 Petition, Bradley argues entitlement to relief based upon the following claims:

Claim One:    "Evidence was insufficient to prove I was guilty. The video did not work in court. That had the second person on it with the drugs. I feel like they withholding [sic] the evidence that could help me." (§ 2254 Pet. 5.)[1]

Claim Two:    "The informant was not credible. An 8–time felon and drug user that's getting paid to set people up also paid more on the stand. He denied having a drug habit until confronted with Commonwealth having stated in writing he had a drug habit. I feel like it's intrapment [sic]." (*Id.*)

Claim Three:    "The charge should of [sic] been accommodation. There was nothing in my possession doing [sic] the search. The second man gave him the drugs. The police jumpped [sic] out and arrested us. I didn't have any marked money or drugs." (*Id.* at 6.)

---

[1] The Court has corrected the punctuation and capitalization in Bradley's submissions but has left his quotations otherwise unchanged.

Respondent moves to dismiss the § 2254 Petition. It has provided Bradley the appropriate *Roseboro*[2] notice, but Bradley has not responded. (ECF No. 10.) The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Bradley of possession of cocaine with the intent to distribute and sentenced him to four years and eight months in prison. *Commonwealth v. Bradley*, No. 1378–08, at 1–3 (Va. Cir. Ct. Feb. 9, 2010). Bradley appealed this decision to the Court of Appeals of Virginia but asserted only certain portions of his current claims at that time. He argued that insufficient evidence existed to support the Circuit Court's finding of guilt in light of the incredible testimony of the informant, and that the Circuit Court erred by not finding Bradley guilty of distribution as an accommodation. Petition for Appeal 1–2, *Bradley v. Commonwealth*, No. 0246–10–1 (Va. Ct. App. filed June 10, 2010). The Court of Appeals of Virginia denied the petition for appeal. *Bradley v. Commonwealth*, No. 0246–10–1, at 1 (Va. Ct. App. July 21, 2010). A three-judge panel of the Court of Appeals of Virginia also denied the petition for appeal. *Bradley v. Commonwealth*, No. 0246–10–1, at 1 (Va. Ct. App. Sept. 24, 2010). The Supreme Court of Virginia refused Bradley's subsequent petition for appeal. *Bradley v. Commonwealth*, No. 101985, at 1 (Va. Mar. 15, 2011). Bradley filed no petition for a writ of habeas corpus or other post-conviction motions.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring notice to a *pro se* party of a dispositive motion and the *pro se* party's right to respond).

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Bradley failed to fairly present to the Supreme Court of Virginia the portion of Claim One in which he contends that the "video did not work in court. That had the second person on it with the drugs. I feel like they withholding the evidence that could help me." (§ 2254 Pet. 5); *see Baker*, 220 F.3d at 289. Additionally, to the extent Bradley now attempts to raise an entrapment element in Claim Two, Bradley also failed to fairly present this claim to the Supreme Court of Virginia. If Bradley now attempted to present these aspects of Claims One and Two to the Supreme Court of Virginia, that court would find them procedurally defaulted and time-

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

4

barred pursuant to Section 8.01–654(A)(2)[4] of the Virginia Code. Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *See Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Bradley advances no basis for excusing his default of these aspects of Claims One and Two. Accordingly, the portion of Claim One pertaining to the videotape and the portion of Claim Two raising entrapment will be DISMISSED.

### III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2012).

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## IV. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Bradley contends insufficient evidence existed to convict him of possession of cocaine with the intent to distribute (Claim One), due to the incredible testimony of the informant (Claim Two). (§ 2254 Pet. 5.) Moreover, Bradley believes the Circuit Court erred by not finding him guilty of distribution as an accommodation (Claim Three).[5] (*Id.* 6.)

The Court of Appeals of Virginia aptly explained the evidence of Bradley's guilt:

> In this case, Kevin Williams, a convicted felon, was working with the police department as a paid confidential informant in the area of drug distribution.

---

[5] The Court of Appeals of Virginia discussed these claims together in its opinion. Because all three essentially challenge the sufficiency of the evidence, this Court also combines the claims under a sufficiency of the evidence heading.

6

> Both Williams and the vehicle he drove were searched prior to the incident. The police department provided Williams with money to conduct "controlled buys."
>
> Williams testified he encountered appellant and told him he was looking to purchase either cocaine or marijuana. Appellant then entered Williams' vehicle. At that point appellant said he thought he knew where Williams could get cocaine. The two men drove to another location. Williams testified he told appellant he wanted $40 worth of drugs and he asked appellant "what he wanted out of the deal." In response, appellant told Williams that appellant would accept $20 to get the cocaine for Williams. Williams testified he told appellant he would give him the $20 after the transaction was complete.
>
> When they arrived at the location, appellant exited the vehicle and approached another male. Williams testified he saw appellant and the man interact. Appellant then returned to the vehicle and handed Williams two pieces of crack cocaine. Williams stated he gave appellant the $40 in "controlled buy money" the police had provided him. Appellant gave the money to the male he had approached, and then returned to the vehicle. Williams testified appellant entered his vehicle and asked for the $20. At this point, Williams signaled for the police, who then arrested appellant.
>
> [Sergeant J.A. Ackery] testified she listened to the incident via audio wire and she saw appellant throw money across the top of Williams' car. She later recovered the money, and it was the same money the police had given to Williams in order to make the purchase.

*Bradley v. Commonwealth*, No. 0246–10–1, at 2–3 (Va. Ct. App. July 21, 2010).

In finding sufficient evidence to convict Bradley, the Court of Appeals of Virginia explained:

> The accommodation provision of Code § 18.2–248(D) provides that if a person in violation of that code section
>> proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual . . . and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.
>
> "[A] defendant who invokes an accommodation defense has the burden of proving the elements of that defense by a preponderance of the evidence." *Heacock v. Commonwealth*, 228 Va. 397, 406, 323 S.E.2d 90, 95 (1984). By its very terms, the defense is not available if the offender distributed drugs "with

> intent to profit thereby from any consideration received or expected." Code § 18.2-248(D); *see Heacock*, 228 Va. at 407; 323 S.E.2d at 96.
>
> . . . .
>
> The trial court accepted Williams' testimony, specifically finding that it was "logical, sequential, and credible to the court." . . . From the evidence presented, the trial court could conclude beyond a reasonable doubt that appellant committed the charged offense. Furthermore, Williams' testimony that appellant wanted $20 for participating in the transaction, if found credible by the trial judge, would defeat the accommodation defense.

*Id.* at 2–3 (alteration in original).

The Circuit Court found Williams' testimony, which was corroborated by Sergeant Ackery's testimony, credible and sufficient to prove that Bradley possessed with intent to distribute crack cocaine. (Dec. 8, 2009 Tr. 91–92, 95–96.) Williams testified that he asked Bradley to procure $40 worth of crack cocaine for him and that Williams requested $20 in payment to obtain the crack cocaine. (Dec. 8, 2009 Tr. 29–30.) Williams observed Bradley obtain the crack cocaine. Bradley returned to the car and gave Williams two crack cocaine rocks in exchange for $40. (Dec. 8, 2009 Tr. 30–31.) Bradley then asked for the $20 payment. (Dec. 8, 2009 Tr. 31.)

Sergeant Ackery testified that she listened to the audio wire placed in Williams' vehicle, and, upon her arrival at the scene of the drug transaction, she observed Bradley throw the marked bills that police had given to Williams across the top of the vehicle. (Dec. 8, 2009 Tr. 55–56.) After reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found" that Bradley possessed crack cocaine with the intent to distribute it. *Jackson*, 443 U.S. at 319 (*citing Johnson*, 406 U.S. at 362). Accordingly, Claims One and Two will be DISMISSED.

8

Moreover, the Circuit Court reasonably rejected Bradley's argument that his distribution of cocaine qualified as an accommodation under Va. Code Ann. § 18.2–248(D)[6] (Claim Three). (Dec. 8, 2009 Tr. 92, 95–96.) The Circuit Court credited Williams' testimony that Bradley required a $20 payment in order to obtain the crack cocaine, and determined that Bradley intended to profit from the drug transaction, thus making the accommodation defense unavailable. (Dec. 8, 2009 Tr. 91–92, 95–96.) Bradley presents no persuasive argument that the Circuit Court's conclusion that Bradley failed to qualify for a state law defense of accommodation violates the Constitution or "was based upon an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2); *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Accordingly, Claim Three will be DISMISSED.

---

[6] Only if the Commonwealth proves the essential elements of possession with intent to distribute under section 18.2–248(A) of the Virginia Code in the first instance, may a defendant invoke the defense of distribution as an accommodation found in Section 18.2–248(D). *See Neuenschwander v. USCIS*, 859 F. Supp. 2d 799, 802–03 (E.D. Va. 2012). Section 18.2–248(D) provides no separate offense of conviction from possession with intent to distribute under Section 18.2–248(A). *Id.* Section 18.2–248(D), instead, provides a reduced penalty range when the defendant proves that he acted without any intent to profit thereby. Va. Code. Ann. § 18.2–248(D); *see Heacock*, 323 S.E.2d at 96.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Bradley's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Order shall issue.

Date: 3/11/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Bradley fails to meet this standard.